# UNITED STATES v. MOSKOWITZ.

No. 589.

District Court, D. Rhode Island.
May 2, 1941.

George F. Troy, U. S. Atty., and Edward F. McEntee, Asst. U. S. Atty., both of Providence, R. I., for plaintiff.

Marshall B. Marcus, of Providence, R. I., for defendant.

HARTIGAN, District Judge.

This matter was heard on the respondent's demurrer to the above-entitled petition for cancellation of naturalization.

The petition filed by the United States Attorney for the District of Rhode Island sets forth in substance that the respondent, Isidor Moskowitz, being a resident of Brooklyn, in the City and State of New York, was on the 18th day of November, A. D. 1926, admitted to citizenship in the United States of America at Brooklyn, New York, by order of the District Court of the United States for the Eastern District of New York, and was then and there granted a certificate of naturalization; that the said certificate of citizenship was fraudulently and illegally procured by the said respondent in that he did secure as required by law two witnesses who verified in support of his petition for naturalization, the names of said witnesses being Julius Owen and Aaron Weintraub, both of said Brooklyn; that the allegations of the said verifying witnesses in their affidavits made in support of the petition for naturalization of Isidor Moskowitz and their testimony given

during the preliminary examination concerning their knowledge of him were wilfully and knowingly false in that:

"1. Said witnesses did verify that the said Isidor Moskowitz had been known to them to have resided in the United States of America and in the State of New York for a period of six years;

"Whereas, in truth and in fact said witnesses had not known the said Isidor Moskowitz to have resided for any period of time in the United States of America or in the State of New York, as prescribed by statute or for the period set forth in their affidavits.

"2. Said witnesses verified that to their knowledge the said Isidor Moskowitz had behaved as a person of good moral character during the period of six years preceding the date of said affidavit;

"Whereas, in truth and in fact said witnesses did not have any knowledge concerning the moral character of said Isidor Moskowitz.

"That by reason of said false allegations and testimony the Court and the United States of America were deceived as to the competency of said witnesses and were deprived of knowledge of facts material to his naturalization and being so deceived the Court was induced to and did grant said naturalization."

The petition was brought under Section 15 of the Naturalization Act of June 29, 1906, 8 U.S.C.A. § 405, to set aside and cancel the naturalization of said Isidor Moskowitz which the United States alleges has been fraudulently and illegally procured.

The respondent filed a demurrer to the petition setting forth the following grounds of demurrer:

(1) That said petition fails to set forth facts in any way showing or disclosing fraud or illegal conduct on the part of the respondent in procuring of said certificate of naturalization.

(2) Said petition fails to disclose the respondent acted otherwise than in good faith in proceedings involving the procurement of said certificate of naturalization.

(3) It does not appear from said petition respondent knew or had any reason to know of any purported acts of illegality and fraud set forth in said petition.

(4) It does not appear from said petition that the respondent had not been a

resident of the United States of America and in the State of New York for six years previous to the filing of said petition of naturalization.

(5) It does not appear from said petition that said respondent had not been a person of good moral character during the period of six years preceding the filing of said petition for naturalization.

(6) It does not appear from said petition that the respondent is not in fact entitled to be admitted as a citizen of the United States.

(7) Said petition is otherwise vague and indefinite.

Section 15 of the Naturalization Act of June 29, 1906, as amended, 8 U.S.C.A. § 405, provides in part as follows: "It shall be the duty of the United States district attorneys for the respective districts, or the Commissioner or Deputy Commissioner of Naturalization, upon affidavit showing good cause therefor, to institute proceedings in any court having jurisdiction to naturalize aliens in the judicial district in which the naturalized citizen may reside at the time of bringing the suit, for the purpose of setting aside and canceling the certificate of citizenship on the ground of fraud or on the ground that such certificate of citizenship was illegally procured. * * *"

Section 4, 8 U.S.C.A. § 382, provides in part as follows: "* * * In addition to the oath of the applicant, the testimony of at least two witnesses, citizens of the United States, as to the facts of residence, moral character, and attachment to the principles of the Constitution shall be required, and the name, place of residence, and occupation of each witness shall be set forth in the record."

The petition sets forth the respondent's certificate of citizenship was fraudulently and illegally procured by him in that he secured as required by law two witnesses who verified in support of his petition for naturalization and whose allegations in their affidavits made in support of the petition for naturalization and their testimony given during the preliminary examination concerning their knowledge of said Moskowitz, were wilfully and knowingly false in regard to material matters, namely, his residence and his moral character.

If the two witnesses of Moskowitz, chosen by himself, to give testimony as to the facts of residence and moral character, testified falsely in regard to these material facts as alleged in the government's petition, such testimony would afford sufficient grounds for cancellation, even if Moskowitz did not know that said witnesses were giving false testimony.

The obligation is clearly Moskowitz's to secure witnesses who shall meet the statutory requirements and testify truthfully concerning their knowledge of his residence, moral character and attachment to the principles of the Constitution.

The petition shows good cause for an examination of the certificate of citizenship.

In Johannessen v. United States, 225 U. S. 227, at page 242, 32 S.Ct. 613, at page 617, 56 L.Ed. 1066, the Court said: "The act imposes no punishment upon an alien who has previously procured a certificate of citizenship by fraud or other illegal conduct. It simply deprives him of his illgotten privileges. * * * It merely provides that, on good cause shown, the question whether one who claims the privilege of citizenship under the certificate of a court has procured that certificate through fraud or other illegal contrivance shall be examined and determined in orderly judicial proceedings. The act makes nothing fraudulent or unlawful that was honest and lawful when it was done. It imposes no new penalty upon the wrongdoer. But if, after fair hearing, it is judicially determined that by wrongful conduct he has obtained a title to citizenship, the act provides that he shall be deprived of a privilege that was never rightfully his."

The demurrer is overruled. The respondent has ten days to file an answer.